UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH WAYNE JACKSON                                                                                   PLAINTIFF

V.                                                                                   CIVIL ACTION NO. 3:24-cv-550-DPJ-ASH

DEWEY ARTHUR, et al.                                                                                  DEFENDANTS

ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on pro se Plaintiff Kenneth Wayne Jackson's nine Motions to Amend his Complaint [5] [6] [14] [15] [17] [18] [19] [20] [30]. In his Motions for Protective Order [5] [14], Plaintiff seeks to amend his relief to include a transfer to another facility. In his Motion for a New Trial [6], Plaintiff seeks to amend to add "ALL Defendants previously named in the prior lawsuit" (*Jackson v. Mississippi*, No. 3:23-CV-224-DPJ-LGI (S.D. Miss.), (dismissed Apr. 8, 2024)), that the case be filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and that the filing fee paid in his previous lawsuit be applied here. In his Motion [15], Jackson seeks to add Bolivar County Regional Correctional Facility and Boliver County Sheriff's Department as defendants. In his Motion [17], Plaintiff seeks to add Vital Core Health Provider as a defendant and requests "all discovery, transcripts, recordings, testimony documents filed by [him]" in his state court case, No. 2024-M-00790. In his Motion [18], Plaintiff seeks to add M.D.H.S. State Disbursement Unit (S.D.U.) A.K.A., Mississippi Department of Human Services, as a defendant. In his Motion [19], Plaintiff seeks to add individuals Austin Phillip Gant, Jr., and Sharon Case Gant A.K.A. William Case as defendants as well as amending his relief to include removal from Bolivar Regional Correctional Center. In his Motion Discovery Screening [20], Plaintiff seeks to add his claim seeking relief from Rule Violation Report (RVR) # 2182223 he received while in prison. In his

1

Motion [30], Plaintiff seeks to add Issaquena Regional Correctional Facility as a defendant as well as amending his relief to include a protective order relating to "YouTube post." Having considered these Motions [5] [6] [14] [15] [17] [18] [19] [20] [30], the undersigned (1) orders that Plaintiff's request for discovery be denied; (2) orders that Plaintiff's Motions for Protective Order [5] [14], Motion for New Trial [6], and Motion Discovery Screening [20] be construed as motions to amend; and (3) recommends that Plaintiff's motions to add defendants as well as his request to amend the requested relief be denied.[1]

I.   BACKGROUND

Plaintiff filed this conditions-of-confinement complaint under 42 U.S.C. § 1983. Compl. [1] at 3. He names Dewey Arthur, Circuit Court Judge; John K. Bramlett, Jr., District Attorney; Christie Shoemaker, Deputy; Brad Holcomb Matt, Investigator; Mississippi Department of Wildlife Fisheries Parks; Randy Grewe, Deputy; Kyle Millican, Deputy; and Mississippi Department of Corrections as defendants. *Id*. at 2–3. Plaintiff is proceeding in forma pauperis, *see* Order [21], and his Complaint is subject to screening under the Prison Litigation Reform Act ("PLRA"). On August 18, 2025, the undersigned entered an Order [37] directing Plaintiff to file a response and provide additional information about his allegations against six of the defendants. That Order [37] directed Plaintiff to respond by September 2, 2025.

---

[1] A magistrate judge may properly consider a non-dispositive motion, such as a discovery motion, by order rather than by report and recommendation. *See Simonton v. Hous. Methodist Continuing Care Hosp.*, No. 4:23-CV-02184, 2025 WL 1747023, at *1 n.1 (S.D. Tex. June 9, 2025), *report and recommendation adopted*, No. CV H-23-2184, 2025 WL 1745129 (S.D. Tex. June 24, 2025). But some authorities have suggested the denial of a motion to amend as futile could be dispositive. *See H.R. by & through Robinson v. Double J. Logistics, LLC*, No. 3:16-CV-55-TSL-RHW, 2017 WL 4158853, at *4 (S.D. Miss. Sept. 19, 2017). Thus, out of an abundance of caution, the undersigned addresses the motion to amend by report and recommendation.

II.     ANALYSIS

Plaintiff is proceeding pro se. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). A pro se litigant's pleadings are granted a "liberal construction." *Jones v. Baptist Cmty. Serv.*, No. 2:24-CV-144-Z, 2024 WL 4673932, at *2 (N.D. Tex. Nov. 4, 2024) (citing *Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021); quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018)). Plaintiff's Motions [5] [14] for Protective Order, Motion for New Trial (22) (Discovery), and Motion Discovery Screening [20] are construed as motions to amend.

Rule 15(a)(1) provides that "[a] party may amend its pleading once . . . ." A court "should be 'freely given when justice so requires.'" *Layton v. McClain*, No. 5:21-CV-122-M-BQ, 2023 WL 9687055, at *1 (N.D. Tex. Sept. 1, 2023) (citations omitted). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citations omitted). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). The decision to grant or deny a motion to amend "is within the sound discretion of the district court." *Singleton v. Harris Cnty., Tex.*, 752 F. Supp. 3d 672, 677 (S.D. Tex. 2024) (citations omitted).

The denial of leave to amend is allowed when there is a "substantial reason to do so." *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (citation omitted). Whether a "substantial reason" to deny leave to amend exists, the Court is required to "consider five factors:

(1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies despite prior opportunity to amend; (4) undue prejudice to the non-moving party; and (5) the futility of any amendment." *Layton*, 2023 WL 9687055, at *2 (citing *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

    A.    Motions [5] [14]

Plaintiff's request in his Motion for Protective Order [5] filed on September 30, 2024, is liberally construed as seeking to amend his relief to include a transfer to another facility. Mot. [5] at 2. His second Motion for Protective Order [14] was filed on November 14, 2024, and supplements his earlier Motion [5]. Mot. [14] at 2. According to his Notice of Change of Address, Plaintiff was released on May 6, 2025. *See* Notice of Change of Address [32] at 1. Because the relief Plaintiff seeks to add cannot be granted since he is no longer incarcerated, such an amendment is futile. The undersigned recommends that his Motions for Protective Order [5] [14] requesting transfer to another facility be denied.

    B.    Motion to Amend [6]

Plaintiff's Motion [6] seeks to add "ALL Defendants previously named in the prior lawsuit" styled *Jackson v. Mississippi*, No. 3:23-CV-00224-DPJ-LGI (S.D. Miss.) (dismissed Apr. 8, 2024) [hereinafter, "*Jackson I*"]. In *Jackson I*, the Court dismissed his § 1983 case with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). His allegations presented in his Motion [6] are difficult to follow but having compared Plaintiff's previous lawsuit (*Jackson I*) and this lawsuit, the undersigned finds that the allegations presented here were previously litigated. "A federal court has discretion to deny a motion to amend when that amendment would be futile." *Tamaz v. United States*, No. 2:18-CV-83, 2018 WL 4921731, at *10 (S.D. Tex. Oct. 10, 2018) (citations omitted). "[A]n amendment is considered futile if it

4

would fail to state a claim upon which relief could be granted." *Legate*, 822 F.3d at 211.

The undersigned finds that allowing Plaintiff to add the defendants named in *Jackson I* as well as his claims against them are duplicative of that case. Plaintiff's motion to amend therefore fails to state a claim upon which relief could be granted against "ALL Defendants previously named in the prior lawsuit" *Jackson I* and is therefore futile. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (explaining a plaintiff is entitled to "one bite at the litigation apple—but not more"). The undersigned recommends that Plaintiff's Motion [6] to add "ALL Defendants previously named in the prior lawsuit" *Jackson I* as defendants as well as his claims against them be denied as futile.

Plaintiff's request that the filing fee paid in *Jackson I* be applied here is baseless. While Plaintiff has been granted in forma pauperis status in this case as well as in *Jackson I*, he is required to pay a separate filing fee in each case and the "recoupment of multiple filing fees" are to be paid simultaneously for each lawsuit filed. *See Bruce v. Samuels*, 577 U.S. 82, 84, 87 (2016). Plaintiff's request that his payments of the filing fee assessed in *Jackson I* be applied here is denied.

Plaintiff also requests that this case be filed as a *Bivens* complaint. A *Bivens* case allows "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (citing *Bivens*, 403 U.S. at 397). On the other hand, "[a] suit alleging violations of federal constitutional or statutory rights against a state actor is a § 1983 action, not a *Bivens* action." *Salaverria v. Orange Cnty.*, No. CV 25-648, 2025 WL 1401437, at *4 (E.D. La. Apr. 23, 2025) (citations omitted), *report and recommendation adopted*, 2025 WL 1397191 (E.D. La. May 14, 2025). Because the named defendants are state officials, Plaintiff's civil action is a § 1983 action

5

and his request to file it as a *Bivens* action is denied.

Finally, to the extent that Plaintiff is requesting discovery, because the Court is in the process of screening this civil action as directed by 28 U.S.C. § 1915, his discovery request is premature and will be denied.

C.      Motion to Amend [15]

Plaintiff's Motion [15] requests to add Bolivar County Regional Correctional Facility and Bolivar County Sheriff's Department as defendants. Bolivar County Regional Correctional Facility is the name of a prison facility and is not considered a "person" under § 1983. *See Ridge v. Gregg Cnty.*, No. 6:22-CV-058, 2022 WL 1434667, at *2 (E.D. Tex. Mar. 22, 2022) ("A jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983.") (citations omitted), *report and recommendation adopted*, 2022 WL 1424974, (E.D. Tex. May 5, 2022); *see also Rathmann v. Mississippi Dep't of Corr.*, No. 3:20-CV-33-KHJ-LGI, 2021 WL 310972, at *2 (S.D. Mss. Jan. 29, 2021) ("Numerous courts have held a prison or jail are not entities that can be sued under Section 1983 . . . because they are not 'persons' for purposes of suit under Section 1983, as the state and case law define that term." (citation and quotation marks omitted))

Additionally, a sheriff's department is not an entity capable of being sued. *Holliday v. Monroe Cnty., Miss.*, No. 1:24-CV-82-SA-DAS, 2025 WL 850146, at *2–3 (N.D. Miss. Mar. 18, 2025); *see also Friston v. MDOC*, No. 1:17-CV-329-HSO-JCG, 2019 WL 1460916, at *4 (S.D. Miss. Apr. 2, 2019). The undersigned therefore recommends that Plaintiff's Motion [15] to add Bolivar County Regional Correctional Facility and Bolivar County Sheriff's Department be denied as futile. *See Jones v. Walker Cnty. Sheriff Dep't*, No. 4:22-CV-02686, 2023 WL 4163047, at *3–4 (S.D. Tex. Apr. 27, 2023) (denying "leave to amend" to assert claims against legal entities not capable of being sued based on futility), *report and recommendation adopted*,

2023 WL 4157632 (S.D. Tex. June 23, 2023).

  D.  Motion to Amend [17]

Plaintiff's Motion [17] seeks to add Vital Core Health Provider as a defendant and the only allegation against it is that it provided "medical examinations." "A federal court has discretion to deny a motion to amend when that amendment would be futile." *Tamaz*, 2018 WL 4921731, at *10 (citations omitted). "[A]n amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate*, 822 F.3d at 211. Plaintiff asserts no specific claims against Vital Core Health Provider. He simply states that it provided "medical examinations." Plaintiff's motion to amend therefore fails to state a claim upon which relief could be granted against Vital Core Health Provider and is futile. The undersigned recommends that Plaintiff's Motion [17] to add Vital Core Health Provider as a defendant be denied.

That being said, Vital Core differs from the other defendants Plaintiff seeks to add, like the prison facility or the sheriff's department. Plaintiff's attempt to name those defendants is legally unsound. But had Plaintiff pleaded plausible factual allegations against Vital Core, it is conceivable he could have stated a claim against that entity. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") (citations omitted); *see also Alexander v. Philip R. Taft Psy D & Assoc.*, P.L.L.C., 143 F.4th 569, 586 (5th Cir. 2025) (discussing the ability under § 1983 to sue physicians employed by the state to provide medical care to prisoners and also private companies and their employees that manage state prisons). Thus, the undersigned recommends that the denial of the motion to amend in Motion [17] be denied without prejudice to refiling.

Plaintiff also requests discovery from his state court case, No. 2024-M-00790. Mot. [17] at 1–2. Because the Court is in the process of screening this civil action as directed by 28 U.S.C. § 1915, Plaintiff's request for discovery is premature and will be denied.

E.     Motion to Amend [18]

Plaintiff's Motion [18] seeks to add M.D.H.S. State Disbursement Unit (S.D.U.) A.K.A. Mississippi Department of Human Services as a defendant. Mississippi Department of Human Services is "an arm of the State, is not a 'person' under § 1983, and has immunity under the Eleventh Amendment." *Williams v. Berry*, 977 F. Supp. 2d 621, 628 (S.D. Miss. 2013) (citations omitted). Plaintiff's Motion [19] to add defendant M.D.H.S. State Disbursement Unit (S.D.U.) A.K.A. Mississippi Department of Human Services is futile, and the undersigned recommends that it be denied. *See Jones*, 2023 WL 4163047.

F.     Motion to Amend [19]

Plaintiff's Motion [19] requests that Austin Phillip Gant, Jr. and Sharon Case Gant A.K.A. William Case be added as defendants. Plaintiff asserts no specific claims against these individuals. His motion to add them as defendants therefore fails to state a claim upon which relief could be granted and is futile. *See id*. As mentioned above, these individuals differ from the other defendants Plaintiff seeks to add, like the prison facility or the sheriff's department. Plaintiff's attempt to name those defendants is legally unsound. But had Plaintiff pleaded plausible factual allegations against Austin Phillip Gant, Jr. and Sharon Case Gant A.K.A. William Case, it is conceivable he could have stated a claim. *See West*, 487 U.S. at 48. The undersigned recommends that Plaintiff's Motion [19] to add Austin Phillip Gant, Jr. and Sharon Case Gant A.K.A. William Case as defendants be denied without prejudice to refiling.

8

Plaintiff also asks to amend the relief he seeks to include being removed from Bolivar County Correctional Facility. According to his Notice of Change of Address, Plaintiff was released on May 6, 2025. *See* Notice of Change of Address [32] at 1. Because the relief Plaintiff requests to add cannot be granted since he is no longer incarcerated, such an amendment is futile. The undersigned recommends that his Motion to Amend [19] his relief to include removal from Bolivar County Regional Correctional Facility be denied.

G.  Motion to Amend [20]

Plaintiff's Motion [20] seeks to add his claim about a Rule Violation Report (RVR) he received while in prison. He gives a narrative of the events that occurred concerning RVR #2182223 and requests the removal of "loss of time from my record in the event its [sic] not overturned as we continue the appeals process thru the state." Mot. [20] at 1–4. But Plaintiff does not assert these claims against any prison officials. "A federal court has discretion to deny a motion to amend when that amendment would be futile." *Tamaz*, 2018 WL 4921731, at *10 (citations omitted). "[A]n amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate*, 822 F.3d at 211. Plaintiff's motion to amend therefore fails to state a claim upon which relief could be granted and is futile. The undersigned recommends that Plaintiff's Motion [20] to add his claims relating to RVR #2182223 be denied. Plaintiff's attempt to add claims against unnamed defendants is legally unsound. But had Plaintiff named defendants or individual prison official who violated his constitutional rights and pleaded plausible factual allegations against that defendant or individual officers, it is conceivable he could have stated a claim. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (to pursue a § 1983 civil action against a defendant, plaintiff is required to state specific facts that the defendant violated plaintiff's constitutional rights). Thus, the undersigned recommends that

9

the denial of the motion to amend in Motion [20] be denied without prejudice to refiling.

Any discovery requests Plaintiff is seeking is denied as premature because the Court is in the process of screening this civil action as directed by 28 U.S.C. § 1915.

H. Motion to Amend [30]

Plaintiff's Motion [30] requests that Issaquena Regional Correctional Facility be added as a Defendant. As discussed above, a prison facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Ridge*, 2022 WL 1434667, at *2; *see also Rathmann*, 2021 WL 310972, at *2. As a result, the undersigned recommends that Plaintiff's Motion [30] be denied as futile. *See Jones*, 2023 WL 4163047, at *4.

Plaintiff also appears to seek to amend his relief to include a protective order related to "YouTube post" that are being viewed "giving instruction to carry out criminal acts inside [the]facility and at other facilities." Because Plaintiff's request is unclear and incoherent, the undersigned recommends that Plaintiff's request be denied as futile. *See id*.

III. CONCLUSION

For the foregoing reasons, the undersigned **orders** that:

(1) Plaintiff's Motions for a Protective Order [5] [14] are construed as a Motion to Amend;

(2) Plaintiff's Motion for New Trial [6] is construed as a Motion to Amend and his requests that the payments paid in *Jackson I* be applied to this case, change this case to being filed under *Bivens*, and any discovery requests are denied;

(3) Plaintiff's Motion to Amend [17] requesting discovery is denied as premature; and

(4) Plaintiff's Motion Discovery Screening [20] is construed as a Motion to Amend and his discovery requests are denied as premature.

10

The undersigned also **recommends** the following dispositions of Plaintiff's pending motions to amend or add defendants:

(1) Plaintiff's Motions for Protective Order [5] [14] to amend his relief to include a transfer to another facility be denied;

(2) Plaintiff's Motion to Amend [6] to add "ALL Defendants previously named in the prior lawsuit" *Jackson I* and to add claims against those defendants be denied;

(3) Plaintiff's Motion to Amend [15] to add Bolivar County Regional Correctional Facility and Bolivar County Sheriff's Department as defendants be denied;

(4) Plaintiff's Motion to Amend [17] to add Vital Core Health Providers as a defendant be denied without prejudice to refiling;

(5) Plaintiff's Motion [18] to add M.D.H.S. State Disbursement Unit (S.D.U.) A.K.A. Mississippi Department of Human Services as a defendant be denied;

(6) Plaintiff's Motion to Amend [19] to add Austin Phillp Gant Jr. and Sharon Case Gant A.K.A. William Case as defendants be denied without prejudice to refiling and his request to amend his relief to include release from Bolivar County Regional Correctional Facility be denied without prejudice to refiling;

(7) Plaintiff's Motion to Amend [20] to add claims be denied without prejudice to refiling; and

(8) Plaintiff's Motion to Amend [30] to add Issaquena Regional Correctional Facility as a defendant and his request to amend his relief for a protective order be denied.

IV.     NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[2] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

11

recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPECTFULLY SUBMITTED, this the 25th day of August, 2025.

   *s/ Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE