UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH JACKSON                                                          PLAINTIFF

V.                                        CIVIL ACTION NO. 3:24-CV-550-DPJ-ASH

DEWEY ARTHUR, et. al.                                                  DEFENDANTS

ORDER

Kenneth Jackson filed this conditions-of-confinement complaint under 42 U.S.C. § 1983.

Compl. [1] at 3.  On August 25, 2025, United States Magistrate Judge Andrew S. Harris entered

a Report and Recommendation [39].  Judge Harris recommends the following dispositions of

Jackson's pending motions to amend or add defendants:

(1) Plaintiff's Motions for Protective Order [5, 14] to amend his relief to include a
transfer to another facility be denied;

(2) Plaintiff's Motion to Amend [6] to add "ALL Defendants previously named
in the prior lawsuit" *Jackson I* and to add claims against those defendants be denied;

(3) Plaintiff's Motion to Amend [15] to add Bolivar County Regional
Correctional Facility and Bolivar County Sheriff's Department as defendants be
denied;

(4) Plaintiff's Motion to Amend [17] to add Vital Core Health Providers as a
defendant be denied without prejudice to refiling;

(5) Plaintiff's Motion [18] to add M.D.H.S. State Disbursement Unit (S.D.U.)
A.K.A. Mississippi Department of Human Services as a defendant be denied;

(6) Plaintiff's Motion to Amend [19] to add Austin Phillp Gant Jr. and Sharon
Case Gant A.K.A. William Case as defendants be denied without prejudice to
refiling and his request to amend his relief to include release from Bolivar County
Regional Correctional Facility be denied without prejudice to refiling;

(7) Plaintiff's Motion to Amend [20] to add claims be denied without prejudice
to refiling; and

(8) Plaintiff's Motion to Amend [30] to add Issaquena Regional Correctional
Facility as a defendant and his request to amend his relief for a protective order be

denied.

R&R [39] at 10–11.  Jackson did not file an objection and the time to do so has passed.  *See id.* at

11–12 (informing Jackson that he had 14 days to file an objection).

"When no timely objection is filed, the court need only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b)

advisory committee's note (1983), *quoted in Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1420 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) *as*

*noted in Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Having reviewed the record and found no clear error, the Court accepts the well-reasoned

recommendations of Judge Harris.

IT IS ORDERED that the Report and Recommendation [39] of United States Magistrate

Judge Andrew Harris is adopted as the finding and holding of this Court.  Consistent with the

Report and Recommendation, Plaintiff's motions [5, 6, 14, 15, 18, 30] are denied with prejudice,

and Plaintiff's motions [17, 19, 20] are denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 16th day of September, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE